## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DISTRICT OF COLUMBIA

Lakritz Adler Development, LLC )
4326 8th Street, N.W. )
Washington, D.C.  20011 )
)
                  Plaintiff, )
)
    vs. )
)
Claude G. Murrell )
2816 Keith Street )  **JURY TRIAL REQUESTED**
Temple Hills, MD  20748 )
)
    and )
)
Gloria N. Murrell )
2816 Keith Street )
Temple Hills, MD  20748 )
)
           Defendants;  and )
)
Claude G. Murrell )
2816 Keith Street )  Case:  1:07-cv-01275-EGS
Temple Hills, MD  20748 )
)
    and )
)
Gloria N. Murrell )
2816 Keith Street )
Temple Hills, MD  20748, )
)
          Counterclaimants, )
)
    vs. )
)
Lakritz Adler Development, LLC )
4326 8th Street, N.W. )
Washington, D.C.  20011, )
)
        Counterclaim Defendant. )
_____ )

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

### ANSWER

Defendants Claude G. Murrell and Gloria N. Murrell (the "Murrells"), by and through their undersigned counsel, hereby respond to Plaintiff's First Amended Complaint in accordance with the Paragraph numbers that appear in the First Amended Complaint.

1.      The Murrells deny that Plaintiff has brought a proper action for breach of contract, or are entitled to money damages or specific performance.

### PARTIES

2.      The Murrells are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint, and therefore deny same.

3.      Admitted.

### JURISDICTION AND VENUE

4.      Denied.

5.      Denied.

### ALLEGED STATEMENT OF FACTS

6.      Admitted.

7.      Admitted.

8.      Denied in that the 4205 Georgia Avenue Agreement speaks for itself, and the version proposed by Plaintiff was modified to be an "as is" contract.

9.      Denied in that the 4205 Georgia Avenue Agreement speaks for itself and the quote is out of context in light of the "as is" clauses that were added to the 4205 Georgia Avenue Agreement subsequent to the quoted language.  Admitted that this language

appears in the 4205 Georgia Avenue Agreement.

10.     Denied as to the first sentence of Paragraph 10.  The Murrells are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 10 and therefore deny same.  The Murrells deny the allegations in the third, fourth, fifth, and sixth sentences of Paragraph 10 because it is unclear which report is referenced, Plaintiff has refused to provide the Murrells with the Phase I Report, the Phase II Report does not show "considerable levels of contamination," and the Phase II Report does not establish that contamination occurred throughout the 4205 Georgia Avenue Property or the existence of off-site migration.

11.     This paragraph asserts a legal conclusion to which no response is required.  To the extent that a response is required, the Murrells deny the allegations set forth in this paragraph.

12.     Admitted.

13.     This paragraph asserts legal conclusions to which no response is required.  To the extent that a response is required, the Murrells deny the allegations set forth in this paragraph.

14.     Denied.

## COUNT I
## BREACH OF CONTRACT

15.     The Murrells incorporate by reference their responses to the allegations contained in Paragraphs 1-14 of the First Amended Complaint as though fully set forth here.

16.     Paragraph 16 asserts a conclusion of law to which no response is required.  To the extent that a response is required, the Murrells deny the allegations set forth in this paragraph.

17.     Denied.

18.     Denied.

19.     Denied.

**COUNT II**
**SPECIFIC PERFORMANCE**

20.     The Murrells incorporate by reference their responses to the allegations contained in Paragraphs 1-19 of the First Amended Complaint as though fully set forth here.

21.     Paragraph 21 asserts a conclusion of law to which no response is required.  To the extent that a response is required, the Murrells deny the allegations set forth in this paragraph.

22.     Denied.

23.     Denied.

24.     The Murrells deny the first sentence of this paragraph.  The second sentence asserts a legal conclusion to which no response is required.  To the extent a response is required, the Murrells deny these allegations.

**COUNT III**
**INJUNCTIVE RELIEF**

25.     The Murrells incorporate by reference their responses to the allegations contained in Paragraphs 1-24 of the First Amended Complaint as though fully set forth here.

26.    The First Amended Complaint contains two paragraphs numbered 26.  In response to the first paragraph numbered 26, the Murrells admit that this language appeared in the contracts.  In response to the second paragraph numbered 26, the Murrells deny the allegations in that Plaintiff quotes selectively from this letter, which speaks for itself.

27.    Denied in that Plaintiff quotes selectively from this letter, which speaks for itself.

28.    Denied.

29.    Denied.

<strong>PRAYER FOR RELIEF</strong>

The Murrells deny that Plaintiff is entitled to recover any of the relief that they seek in this case.

<strong>AFFIRMATIVE DEFENSES</strong>

The Murrells set forth the following affirmative defenses:

<strong>FIRST DEFENSE</strong>

30.    Plaintiff's First Amended Complaint fails to state claims upon which relief can be granted.

<strong>SECOND DEFENSE</strong>

31.    Plaintiff's claims and requests for relief are barred by waiver, estoppel, or other equitable defenses.

<strong>THIRD DEFENSE</strong>

32.    Plaintiff's claims and requests for relief are barred by the doctrine of unclean hands.

### FOURTH DEFENSE

33.     Plaintiff's claims and requests for relief are barred because the contracts were "as is."

### FIFTH DEFENSE

34.     Plaintiff's claims and requests for relief are barred by the doctrine of caveat emptor.

### SIXTH DEFENSE

35.     Plaintiff's claims and requests for relief are barred by the doctrine of assumption of risk.

### SEVENTH DEFENSE

36.     Jurisdiction under 28 U.S.C. § 1332(a) is improper because the asserted damages and injunctive relief for specific performance in the First Amended Complaint do not satisfy the required amount in controversy because they do not in reality exceed $75,000.

### EIGHTH DEFENSE

37.     Plaintiff's claims are barred or limited to the extent subject to any applicable statutes of limitations.

38.     In asserting and reserving these defenses, the Defendants do not waive any burdens of proof applicable to Plaintiff. Defendants reserve the right to assert additional defenses that may be pertinent to Plaintiff's claims if and when additional facts may become known, based on legal developments, or as otherwise permitted.

## COUNTERCLAIMS

## INTRODUCTION

39.     These Counterclaims arise out of the contractual default of Plaintiff Lakritz Adler

Development, LLC ("Lakritz") with respect to the purchase of two properties owned by

the Murrells.  Lakritz breached the contracts for the purchase of these properties by

refusing to proceed to settlement, timely or otherwise, notwithstanding that the contracts

provided **"TIME IS OF THE ESSENCE"** with respect to the settlement date.  Instead

of proceeding to settlement on the settlement date upon which the parties agreed, Lakritz

attempted to renegotiate the terms of the contracts in order to obtain a financial advantage

that it had attempted unsuccessfully to obtain when the contracts were negotiated.

Lakritz also attempted to re-negotiate "as is" sale provisions that had been the result of

contractual negotiation before the contracts were ratified.  Lakritz made no attempt to

proceed to settlement, much less on the settlement date.  Under these circumstances,

Lakritz defaulted under the contracts and forfeited a $25,000 deposit that it made on both

properties.  Rather than pay this deposit, however, Lakritz instructed the escrow agent to

withhold it from the Murrells.  Lakritz then filed suit against the Murrells as part of an

effort to restrain their ability to transfer the properties and to pressure them into providing

Lakritz with the properties on revised terms that were more favorable to Lakritz.  These

terms had been rejected by the Murrells during the contract negotiations, and were not

included in the Contracts.  The Murrells request this Court to order the release of the

deposit to the Murrells, and to provide such other relief as may be warranted.

## JURISDICTION AND VENUE

40.    These counterclaims arise out of the same transactions and events that are the subject matter of Plaintiff's First Amended Complaint and, to the extent that subject matter jurisdiction is proper over the First Amended Complaint, the counterclaims are within the jurisdiction of this Court pursuant to Rule 13 of the Federal Rules of Civil Procedure.

41.    Venue in this Court is proper under Rule 13 of the Federal Rules of Civil Procedure.

## PARTIES

42.    Counterclaimants Claude G. Murrell and Gloria N. Murrell (the "Murrells") are husband and wife. Their business address is 2816 Keith Street, Temple Hills, MD.

43.    Counterclaim Defendant, Lakritz, is a limited liability company organized under the laws of the District of Columbia with, on information and belief, a principal place of business located at 4326 8th Street, N.W., Washington, D.C.

## FACTS

44.    The Murrells and Lakritz entered into two separate but inter-related contracts by which Lakritz Adler agreed to purchase two separate properties in the District of Columbia owned by the Murrells. The two properties included 4201 Georgia Avenue, N.W. ("4201 Georgia") and 4205 Georgia Avenue, N.W. ("4205 Georgia"), collectively referred to hereinafter as the "Properties." The two contracts are referenced hereinafter as the "4201 Contract" and the "4205 Contract" respectively, and collectively as the "Contracts."

45.    The Contracts were ratified on April 5, 2007.

46.     Both Contracts provided "**TIME OF THE ESSENCE WITH RESPECT**" to the settlement date.

47.     Paragraph 9 of both of the Contracts provided as follows: "**SETTLEMENT**. On or before sixty (60) days after the date of ratification of this Agreement, Seller and Purchaser agree to make full settlement of said purchase in accordance with the terms hereof, **TIME OF THE ESSENCE WITH RESPECT THERETO**."

48.     Because the Contracts were ratified on April 5, 2007, the settlement date was initially June 8, 2007, and this date was later extended to June 22, 2007, by agreement of the parties.  All other provisions relating to the timing of settlement, including "**TIME OF THE ESSENCE**," remained unmodified.

49.     Paragraph 10 of both Contracts provided for a seven day due diligence period in which Lakritz could cancel the Contracts at its "sole discretion for any reason," and allowed for reasonable access by Lakritz to the property during this period.

50.     The Contracts provide that the Properties were to be conveyed "as is."

51.     Paragraph 10 of both Contracts provided that the  "**Property shall convey in 'As Is' Condition.**"

52.     Paragraph 20 of both Contracts again provided "**AS IS CONDITION.  Property shall convey in 'As-Is' Condition.**"

53.     Paragraph 18 of both Contracts provided that the Murrells could terminate either of the Contracts in the event of a breach of Lakritz's contractual obligations, and that the Murrells would receive the deposit, plus interest, in that event.

54.     Notwithstanding the provision "**TIME OF THE ESSENCE**" with respect to the settlement date, Lakritz failed to proceed to settlement either on the settlement date or at

any time thereafter. Instead, Lakritz attempted to alter the terms in the Contracts in ways that would result in substantially less net compensation to the Murrells than the Contracts provided, but in accordance with negotiating positions taken by Lakritz before the terms of the Contracts were agreed upon and the Contracts were ratified.

55.    The Murrells were at all times in compliance with the terms of the Contracts.

56.    Because of the failure to proceed to settlement, much less do so in accordance with the terms of the Contracts, the Murrells terminated the Contracts by correspondence dated June 26, 2007, and requested provision of the $25,000 in deposits pursuant to the Contracts.

57.    Lakritz refused to provide the deposits, instead instructing the escrow agent not to release any deposit money to the Murrells.

58.    Rather than comply with its obligation to provide the deposits, Lakritz has brought suit against the Murrells. Lakritz alleges that the Murrells were in breach of a statement in the 4205 Contract with respect to environmental conditions beneath that property. The Murrells were not in breach, and the alleged contractual statement was written by Lakritz as part of its initial draft contract proposed to the Murrells. The Murrells declined to be bound by such statements proposed by Lakritz. In negotiations prior to completion of the Contracts, the Murrells repeatedly told Lakritz that they wanted to sell the properties "as-is," and the parties agreed to the subsequent addition of provisions in two different places in both Contracts that the properties would be sold "as is."

59.    In this lawsuit, Lakritz also seeks relief that was originally proposed by Lakritz during the negotiation of the Contracts, and was ultimately excluded from the Contracts.

60.    Lakritz has brought suit to pressure the Murrells into selling the Properties on terms and conditions different from—and that contradict—those set forth in the Contracts.  The Murrells rejected such terms and conditions when proposed by Lakritz during the contract negotiations, and they were not included in the Contracts.

## COUNT I
## BREACH OF CONTRACT

61.    The Murrells incorporate by reference Paragraphs 39-60 of their Counterclaim as though fully set forth here.

62.    Lakritz breached the Contracts by refusing to proceed to settlement, having attempted to renegotiate the terms of the Contracts after ratification.

63.    Lakritz breached the Contracts by refusing to release the deposits to the Murrells as required by the Contracts.

64.    Under the Contracts, Lakritz's breaches entitle the Murrells to the deposits, a total of $25,000, plus interest.

## PRAYER FOR RELIEF

WHEREFORE, the Murrells respectfully request and pray that this Court enter judgment in favor of the Murrells against Lakritz as follows:

(a)    $25,000, plus interest;

(b)    All attorney fees and costs allowed by law or equity; and

(c)    Such other and further relief as may be just and appropriate.

August 3, 2007

Respectfully Submitted,

Harold L. Segall
D.C. Bar No.: 395523
Patrick R. Jacobi
D.C. Bar No.: 974532

Beveridge & Diamond, P.C.
1350I Street, NW, Suite 700
Washington, DC  20005-3311
(202) 789-6000

*Counsel for*
*Claude G. Murrell and*
*Gloria N. Murrell*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this  3rd day of August, 2007, I electronically filed

Murrell's Answer and Affirmative Defenses to Complaint using the ECF system.  This document

is available for viewing and downloading from the ECF system.  The ECF system will send

electronic notification of such filing to the following:

Steven D. Cundra
Roetzel & Andress, LPA
1300 Eye Street, N.W.
Suite 400 East
Washington, DC  20005

*Attorneys for Plaintiff*
*Lakritz Adler Development, LLC*




Harold L. Segall