UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF COLUMBIA

```
_____
                                     )
Lakritz Adler Development, LLC,      )
                                     )
              Plaintiff,             )
                                     )
v.                                   )   Case No.:  1:07-CV-01275-EGS
                                     )
Murrell, et al.,                     )
                                     )
              Defendants and         )
              Counterclaimants,      )
                                     )
v.                                   )
                                     )
Lakritz Adler Development, LLC,      )
                                     )
              Counterclaim Defendant.)
_____)
```

<b>PLAINTIFF'S ANSWER AND AFFIRMATIVE<br><u>DEFENSES TO DEFENDANTS' COUNTERCLAIMS</u></b>

Plaintiff Lakritz Adler Development, LLC ("Lakritz Adler"), by and through its undersigned counsel, for its Answer and Affirmative Defenses to Defendants Claude G. Murrell and Gloria N. Murrell's (the "Murrells'") Counterclaims states as follows:

39. Lakritz Adler denies the allegations contained in Paragraph 39 of the Counterclaim.

<b><u>Jurisdiction and Venue</u></b>

40. Lakritz Adler admits the allegations contained in Paragraph 40 of the Counterclaim.

41. Lakritz Adler admits the allegations contained in Paragraph 41 of the Counterclaim.

**Parties**

42.     Lakritz Adler admits the allegations contained in Paragraph 42 of the Counterclaim.

43.     Lakritz Adler admits the allegations contained in Paragraph 43 of the Counterclaim.

**Facts**

44.     Lakritz Adler admits that it entered into two contracts with the Murrells. The contracts speak for themselves.  If, and to the extent that, the allegations contained in Paragraph 44 of the Counterclaim are inconsistent with the contracts, the allegations are denied.

45.     Paragraph 45 of the Counterclaim calls for a legal conclusion and therefore no answer is required.

46.     The contracts speak for themselves.  If, and to the extent that, the allegations contained in Paragraph 46 of the Counterclaim are inconsistent with the contracts, the allegations are denied.

47.     The contracts speak for themselves.  If, and to the extent that, the allegations contained in Paragraph 47 of the Counterclaim are inconsistent with the contracts, the allegations are denied.

48.     The contracts and agreements between the parties speak for themselves.  If, and to the extent that, the allegations contained in Paragraph 48 of the Counterclaim are inconsistent with the contracts and/or agreements between the parties, the allegations are denied.

49.     The contracts speak for themselves.  If, and to the extent that, the allegations contained in Paragraph 49 of the Counterclaim are inconsistent with the contracts, the allegations are denied.

50. The contracts speak for themselves. If, and to the extent that, the allegations contained in Paragraph 50 of the Counterclaim are inconsistent with the contracts, the allegations are denied.

51. The contracts speak for themselves. If, and to the extent that, the allegations contained in Paragraph 51 of the Counterclaim are inconsistent with the contracts, the allegations are denied.

52. The contracts speak for themselves. If, and to the extent that, the allegations contained in Paragraph 52 of the Counterclaim are inconsistent with the contracts, the allegations are denied.

53. The contracts speak for themselves. If, and to the extent that, the allegations contained in Paragraph 53 of the Counterclaim are inconsistent with the contracts, the allegations are denied.

54. Lakritz Adler denies the allegations contained in Paragraph 54 of the Counterclaim.

55. Lakritz Adler denies the allegations contained in Paragraph 55 of the Counterclaim.

56. Lakritz Adler denies the allegations contained in Paragraph 56 of the Counterclaim.

57. Lakritz Adler denies the allegations contained in Paragraph 57 of the Counterclaim.

58. Lakritz Adler denies that it alleges that the Murrells were in breach of a statement in the contracts. Lakritz Adler alleges in its complaint that the Murrells are in breach of an

express written representation, warranty and covenant of the contracts, and denies all the remaining allegations contained in Paragraph 58 of the Counterclaim.

59.  Lakritz Adler denies the allegations contained in Paragraph 59 of the Counterclaim.

60.  Lakritz Adler denies the allegations contained in Paragraph 60 of the Counterclaim.

## Count I
## Breach of Contract

61.  Lakritz Adler restates and incorporates its defenses and responses to Paragraphs 39 through 60 of the Counterclaim.

62.  Lakritz Adler denies the allegations contained in Paragraph 62 of the Counterclaim.

63.  Lakritz Adler denies the allegations contained in Paragraph 63 of the Counterclaim.

64.  Lakritz Adler denies the allegations contained in Paragraph 64 of the Counterclaim.

## Prayer for Relief

Lakritz Adler denies that the Defendants are entitled to any of the relief sought.

### FIRST AFFIRMATIVE DEFENSE

The Counterclaim fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims asserted in the Counterclaim are barred by the doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE

The claims asserted in the Counterclaim are barred by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

The claims asserted in the Counterclaim are barred by the doctrine of release.

### FIFTH AFFIRMATIVE DEFENSE

The claims asserted in the Counterclaim are barred by the Defendants' breach of the applicable contract(s).

### SIXTH AFFIRMATIVE DEFENSE

The claims asserted in the Counterclaim are barred by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

The claims asserted in the Counterclaim are barred by the fact that the Defendants have failed to mitigate their damages.

### EIGHTH AFFIRMATIVE DEFENSE

The claims asserted in the Counterclaim are barred by the doctrine of avoidable consequences.

### NINTH AFFIRMATIVE DEFENSE

The claims asserted in the Counterclaim are barred by the statute of frauds and/or the parol evidence rule.

### TENTH AFFIRMATIVE DEFENSE

The claims asserted in the Counterclaim are barred by the doctrine of laches and/or statute of limitations.

The Plaintiffs reserve the right to add additional Affirmative Defenses.

Dated: August 23, 2007

          Respectfully submitted,

          _/s/ Steven D. Cundra_____
          Steven D. Cundra
          DC Bar Number 374074
          Roetzel & Andress, LPA
          1300 Eye Street, N.W.
          Suite 400 East
          Washington, D.C. 20005
          Telephone: (202) 625-0600
          Facsimile: (202) 338-6340
          E-Mail: scundra@ralaw.com
          *Counsel for Plaintiff, Lakritz Adler Development, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of August, 2007, I electronically filed Plaintiff's Answer and Affirmative Defenses to Defendants Claude G. Murrell and Gloria N. Murrell's Counterclaims and a copy of the foregoing to be served via the Court's CM/ECF system upon the following counsel of record:

        Harold L. Segall, Esq.
        Patrick R. Jacobi, Esq.
        Beveridge & Diamond, P.C.
        1350 I Street, N.W.
        Suite 700
        Washington, D.C. 20005-3311
        *Counsel for Defendants and Counterclaimants*

          _/s/ Steven D. Cundra_____
          Steven D. Cundra